**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03403-NYW-KAS

LISA DENSON,

Plaintiff,

v.

UNITED AIRLINES, INC.,

Defendant.

---

**PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

---

The Plaintiff Lisa Denson, on her own behalf, and through her attorneys of record, Allison Mahoney of ALM Law LLC and Helene M. Weiss and Cori J. Iacopelli of Marsh Law PLLC, alleges for her complaint as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff files this action for damages and other relief arising out of Defendant United Airlines, Inc.'s ("United Airlines") violations of federal statute 15 U.S.C. § 6851(b)(1)(A), Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e), and related Colorado state law claims.

2. Plaintiff is employed as a flight attendant with United Airlines. Defendant Andrew Hill, a United Airlines pilot, distributed Plaintiff's private and intimate images without her consent. At all relevant times, Andrew Hill was acting within the course and scope of his employment as a pilot and agent of Defendant United Airlines.

3. 15 U.S.C. § 6851(b)(1)(A) allows victims of revenge pornography crimes and/or

distribution of their intimate visual depiction to recover actual damages sustained or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorneys' fees and other litigation costs reasonably incurred.[1] A defendant – including United Airlines – can be held vicariously liable for a violation of 15 U.S.C. § 6851(b)(1)(A) under common law vicarious liability principles. *See DeClements v. RE/MAX LLC*, No. 1:20-CV-02075-DDD-SKC, 2020 WL 9259326, at *3 (D. Colo. Oct. 13, 2020) (vicarious liability requires an agency relationship); *see also Doe v. T-Mobile USA, Inc.,* No. 4:23-CV-05166-SAB, 2024 WL 1705925, at *3 (E.D. Wash. Apr. 18, 2024) (a "defendant can be held vicariously liable for a violation of §6851, using common law vicarious liability principles"). As set forth below, United Airlines is vicariously liable for the abusive acts of its employee, Andrew Hill.

4. Moreover, under Title VII, "[w]itout question, when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor discriminate[s] on the basis of sex." *Meritor Sav. Bank, FSB v. Vinson*, 106 S. Ct. 2399, 2404 (1986) (internal quotation marks omitted). As alleged with greater particularity below, Defendant United Airlines discriminated against Plaintiff by subjecting her to harassment because of her sex for a period of several years which created, enabled, and perpetuated a hostile work environment from which she did not receive protections or relief by her employer – United Airlines – all in violation of its Title VII responsibilities to prevent and correct a sexually harassing working environment.

5. This action is also brought under the Colorado civil revenge pornography statute, C.R.S. § 13-21-1401 *et seq.*, and other applicable Colorado law, providing for state law claims

[1]Plaintiff need not show that the perpetrator was criminally prosecuted for Defendant to be civilly liable under federal law. *See Smith v. Husband,* 376 F. Supp 2d 603 (E.D. Va. 2005) (*citing Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985) (finding that a civil cause of action based on a violation of a criminal predicate can proceed without a criminal conviction)).

arising from Defendant's negligent and intentional conduct because it knew or should have known that its employee, agent, and pilot, Andrew Hill, used his position with Defendant United Airlines, including the tasks, instrumentalities, and premises of that position, to sexually harass and solicit Plaintiff for the ultimate goal of engaging in sexual activity with her and/or recording that sexual activity and/or recording intimate visual depictions of Plaintiff, without her consent. Due to Defendant United Airlines' conduct, and its failure to prevent and correct Andrew Hill's sexually harassing and illegal conduct, Andrew Hill was permitted to sexually harass Plaintiff and to disclose intimate, private, depictions and/or images of Plaintiff through channels in or affecting interstate or foreign commerce. As a result, Plaintiff has suffered psychological and emotional injuries.

6. Plaintiff respectfully submits her Complaint for damages and makes the following averments:

## II. NATURE OF THE CASE

7. Defendant United Airlines is one of the largest airlines in the world, servicing more than 140 million people each year, operating out of hundreds of airports across five continents, and offering thousands of domestic and international flights each day.

8. Defendant United Airlines operates mainland hubs in Chicago, IL; Denver, CO; Houston, TX; Los Angeles, CA; New York/New Jersey; San Francisco, CA; and Washington D.C., and employes more than 100,000 employees, including pilots and flight attendants.

9. Defendant United Airlines has known for *years* that its employees, agents, volunteers, captains, and/or pilots were using their position within United Airlines to sexually harass and exploit its employees, including flight attendants. Despite that knowledge, United Airlines failed to take reasonable steps to protect its employees and prevent sexually harassing

conduct which created a hostile work environment within United Airlines. The Plaintiff in this lawsuit is one of the victims who was sexually harassed and exploited because of United Airlines' wrongful conduct.

10. In 2018, the Equal Employment Opportunity Commission ("EEOC"), an agency of the United States charged with the administration, interpretation and enforcement of Title VII, 42 U.S.C. § 2000e, filed a lawsuit on behalf of a United Airlines' flight attendant against United Airlines, alleging that United Airlines created, enabled, and perpetuated a hostile work environment. *See EEOC v. United Airlines, Inc.*, 5:18-cv-00817-XR (W.D. Tex.), ECF No. 1. The lawsuit alleged that, over the course of many years, a United Airlines' captain and pilot sexually harassed a flight attendant, Jane Doe, by posting sexually explicit and/or intimate images depicting Jane Doe online, referencing her name, home airport, and showing images of her in her United Airlines' uniform, without her consent. *See generally, id.* The lawsuit further alleged that the flight attendant reported the perpetrator's sexually harassing conduct to United Airlines in 2011 and again in 2012, after filing three public lawsuits against the perpetrator in 2009 and 2010, but that United Airlines failed to take action to prevent and correct the conduct. *See id.* The lawsuit alleged that after reviewing the flight attendant's reports, United Airlines determined that the perpetrator's conduct "did not constitute sex harassment in the workplace and concluded that it did not warrant intervention or action" by United Airlines. *Id*. In 2015, the perpetrator was arrested by the Federal Bureau of Investigations ("FBI") and in 2016, he was sentenced to 41 months in prison for his crimes. *See id.* The perpetrator remained on United Airlines' payroll well into 2016 and was allowed to retire with full benefits. *See id.* In 2020, the parties entered a consent decree, approved by the court, requiring United Airlines to pay monetary damages of $321,000, plus attorneys' fees for the flight attendant and to provide notice to its employees of their protections under Title VII.

The decree further required United Airlines to revise its sexual harassment policies to explicitly include harassing conduct perpetrated through the internet or social media and affecting the work environment – whether on or off duty. *Id.* at ECF No. 49.

11. In or around 2019 and/or 2020, the National Center on Sexual Exploitation ("NCOSE") posted an article online about Defendant United Airlines, noting Defendant's "ineffective training due to consistent failures in addressing sexually harassing actions, speech, or pornography-use. For example, United Airlines appears to have struggled with protecting flight crews and passengers alike from sexual harassment." NCOSE, *The 2019 Dirty Dozen List, A Major Contributor to Sexual Exploitation, United*, https://endsexualexploitation.org/United/ . This article included a quote from Sara Nelson, a United Airlines' flight attendant, who said that "[i]n my 22 years as a flight attendant, I have never taken part in a conversation – in training or otherwise – about how to handle sexual harassment or sexual assault…flight attendants are at a loss for what to do when confronting inappropriate – and sometimes criminal – behavior." *Id.*

12. In January 2024, a former United Airlines flight attendant filed a complaint with local law enforcement in Cedar City, UT, alleging that the alleged perpetrator herein, United Airlines' pilot Andrew Hill, sexually exploited her, stalked her, and distributed intimate images of her online without her consent. According to law enforcement, Andrew Hill perpetuated these crimes for over a decade.

13. Thereafter, on April 23, 2024, the State of Utah served a search warrant on United Airlines, seeking to search its property, including the employment and/or personnel file of Andrew Hill, as such property or evidence is "evidence of the crime or crimes of Distribution of an intimate image, Identity Fraud, Distribution of Pornography." (A copy of the Search Warrant served upon Defendant United Airlines is attached hereto as **Exhibit 1**).

14. Several months later, in July 2024, Andrew Hill was arrested and charged with 12 counts of distribution of pornography, 1 count of distribution of an intimate image, 1 count of stalking, and 11 counts of telephone harassment against his ex-girlfriend and former United Airlines flight attendant. Remarkably, United Airlines only terminated Andrew Hill's employment with it *after* he was arrested.

15. In October 2024, Andrew Hill pled guilty to and was convicted of numerous felonies perpetrated against his ex-girlfriend and former United Airlines flight attendant, including eight counts of distribution of pornography by an adult, one count of sexual extortion, and one count of stalking. *See generally, State of Utah v. Andrew Hill*, Crim. No. 241500337 (Utah Dist. Ct.). (A copy of the Statement of Defendant in Support of Plea and Certificate of Counsel entered against Andrew Hill is attached hereto as **Exhibit 2**).

16. Defendant United Airlines is culpable and liable because it knew or should have known that United Airlines' pilots, such as Andrew Hill, may use their position with United Airlines to sexually harass and exploit United Airlines' flight attendants, such as Plaintiff, but failed to take any action to prevent or correct this conduct.

17. Defendant United Airlines is culpable and liable because it knew or should have known that United Airlines' pilot, Andrew Hill, was sexually harassing and/or discriminating against its female employees, including Plaintiff, but did nothing to stop it.

18. Plaintiff brings this action to recover for the emotional and psychological injuries she endured because of the actions and/or inactions of Defendant United Airlines and to make sure that no one else is forced to suffer the sexual harassment, exploitation, degradation, and discrimination that she felt and continues to feel to this day.

## III. JURISDICTION AND VENUE

19. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action pursuant to the federal statutes 15 U.S.C. § 6851(b)(1)(A) and 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964, as amended.

20. This Court has supplemental jurisdiction of the state law claims recounted below, pursuant to 28 U.S.C. § 1367(a), because all claims alleged herein are related to the claims with original jurisdiction and form part of the same case or controversy.

21. Defendant United Airlines has significant contacts, and transacts business, in each of the States and Territories of the United States of America, including the State of Colorado, such that personal jurisdiction would be proper in any of them, including Colorado.

22. A substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in the District of Colorado. Pursuant to 28 U.S.C. § 1391, venue is proper in said District.

## IV. PARTIES

23. At all relevant times, Plaintiff was a citizen of the United States and a resident of the State of Colorado.

24. Plaintiff is an adult female currently residing in Adams County, Colorado.

25. At all relevant times, Defendant United Airlines was a limited liability company organized and existing under the laws of the State of Delaware with its headquarters in Chicago, Illinois, located at 233 S. Wacker Dr., Chicago, IL 60601.

26. At all relevant times, Defendant United Airlines, has continuously been doing business in the State of Colorado and across the United States, and has continuously had at least

15 employees.

27. At all relevant times, Defendant United Airlines has continuously been an employer engaged in an industry affecting commerce under 42 U.S.C. § 2000e.

28. To the extent that Defendant United Airlines was a different entity, corporation, or organization during the time when Plaintiff was sexually exploited and harassed and continues to be, such entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named in this lawsuit as United Airlines, Inc.

29. To the extent Defendant United Airlines is a successor to a different entity, corporation, or organization which existed during the time when Plaintiff was sexually exploited and harassed, such predecessor entity, corporation, or organization is hereby on notice that it is intended to be a defendant in this lawsuit and is named as United Airlines, Inc.

30. All wholly owned subsidiaries of United Airlines are hereby on notice that they are intended to be a defendant in this lawsuit and are named as United Airlines, Inc.

31. All such United Airlines-related entities, corporations, or organizations are collectively referred to herein as "United Airlines."

## V. ADMINISTRATIVE PROCEDURES

32. On December 4, 2024, within 300 days after the alleged unlawful employment practices outlined herein occurred, Plaintiff filed a charge with the EEOC, an agency of the United States charged with the administration, interpretation and enforcement of Title VII. 42 U.S.C. § 2000e. *See* EEOC Charge Number 440-2025-02529.

33. On July 31, 2025, the EEOC issued to Plaintiff a notice of right to sue letter, advising Plaintiff that a lawsuit, if any, must be filed within 90 days of Plaintiff's receipt of the EEOC's official notice.

34. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## VI. STATEMENT OF FACTS

35. Plaintiff repeats and re-alleges the above allegations.

36. Since at least 2016, and thereafter until at least July 2024, United Airlines engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e.

37. Plaintiff has been employed by United Airlines as a flight attendant since 2015.

38. United Airlines subjected Plaintiff to a hostile work environment based on her sex (female).

39. When Plaintiff began her employment with United Airlines, United Airlines did not require her to undergo any trainings or education regarding the prevention, reporting, and handling of sexual harassment or misconduct. It was not until several months after Plaintiff began her employment with United Airlines that she was required to undergo a general training concerning misconduct between employees of United Airlines, but this training only loosely mentioned sexual harassment, and did not make any mention of online sexual harassment or the use/distribution of intimate images.

40. At all relevant times United Airlines had a policy and practice of issuing an array of electronic devices to its employees, including pilots, based on their job rank and role, including laptops, cell phones, and tablets (iPads). Despite this, United Airlines failed to train its employees regarding online harassment and/or the use/distribution of intimate images. Indeed, to this day, United Airlines has failed to provide training and/or education to its employees regarding online harassment and/or the use/distribution of intimate images.

41. At all relevant times Andrew Hill was employed by United Airlines as a pilot.

42. At all relevant times United Airlines, its agents, volunteers, officers, and/or employees owned, operated, maintained, controlled, and managed United Airlines.

43. United Airlines held itself out the public as the owner of United Airlines.

44. At all relevant times United Airlines was responsible for the hiring and staffing, and did the hiring and staffing, at United Airlines.

45. At all relevant times United Airlines employed individuals who served United Airlines and its passengers, including pilots, flight attendants, and other flight crew.

46. Upon information and belief, at all relevant times, Andrew Hill was on the staff of, acted as an agent of, and served as an employee of United Airlines.

47. Upon information and belief, at all relevant times, Andrew Hill was acting in the course and scope of his employment with United Airlines.

48. At all relevant times United Airlines, its agents, volunteers, officers, and/or employees held Andrew Hill out to the public, including Plaintiff, as its agent, employee, and pilot.

49. At all relevant times United Airlines, its agents, volunteers, officers, and/or employees held Andrew Hill out the public, including Plaintiff, as having been vetted, screened, and approved by United Airlines.

50. At all relevant times United Airlines had a duty to take reasonable steps to ensure that Andrew Hill did not sexually harass its employees and/or passengers, including Plaintiff.

51. From approximately 2016 until 2021, Plaintiff was in a consensual intimate relationship with her United Airlines coworker, Andrew Hill, a pilot and First Officer at United Airlines, who also exercised supervisory authority over flight attendants during flights due to the nature of his job and rank.

52. United Airlines' employees understand that there exists a "chain of command"

hierarchy, which dictates that flight attendants report to First Officers who in turn report to the Captain.

53. It was well known amongst United Airlines flight attendants that complaints made against supervisors, such as pilots, and other high-level officers, were not taken seriously. In fact, wrongdoing by supervisors, including pilots, was often concealed.

54. Plaintiff and Andrew Hill met in 2016, when Plaintiff worked as a flight attendant on a United Airlines flight piloted by Andrew Hill. Andrew Hill took an immediate interest in Plaintiff.

55. United Airlines did not have a policy regarding romantic relationships between its employees.

56. Throughout their relationship, Andrew Hill worked on many flights for United Airlines, which had overnight layovers. Andrew Hill invited Plaintiff to fly with him on these flights as a passenger. At all relevant times United Airlines was obligated to provide lodging for its pilots and flight attendants during overnight layovers and in certain other situations. Thus, during these overnight layovers, the flight crew, including Andrew Hill, would stay in hotel rooms paid for by United Airlines. Andrew Hill ultimately used the United Airlines paid-for hotel rooms – and possibly the United Airlines paid-for and provided electronics, such as phones and tablets – as an instrument of his position within United Airlines to victimize Plaintiff.

57. At various times during the private and consensual interactions of their relationship, Andrew Hill asked Plaintiff to share with him intimate, and often nude, images/videos depicting her in provocative/sexually explicit poses, including poses which showed her breasts, genitals, and face. Plaintiff sent Andrew Hill intimate images but always requested that he keep the intimate images depicting her private. Plaintiff never gave Andrew Hill permission to share, distribute, or

otherwise disclose the intimate images depicting her with anyone.

58. Plaintiff never consented to – nor gave her permission for – Andrew Hill recording their private, sexual interactions.

59. Plaintiff trusted that Andrew Hill would respect her wishes to keep her intimate images and videos private and confidential and that he would not record them having sex or engaged in sexually explicit activity without her consent.

60. Between 2016 and 2021, without Plaintiff's knowledge or consent, Andrew Hill took numerous intimate images of Plaintiff and recorded himself having sex with Plaintiff in hotels rooms paid for by United Airlines on numerous occasions. These intimate images included depictions of Plaintiff undressing out of her United Airlines uniform and depictions of Plaintiff's nude body, including her breasts and genitals.

61. Andrew Hill used the United Airlines paid-for hotel rooms during overnight layovers as part of his shift and/or work assignment with United Airlines, as an opportunity to secretly obtain intimate images and videos of Plaintiff without her consent.

62. In or around 2017, Plaintiff discovered that Andrew Hill distributed and/or disclosed intimate images and videos depicting her to third parties via the Internet, including the online platform Reddit, without her consent or knowledge. Andrew Hill distributed and/or disclosed these intimated images and videos depicting Plaintiff on Reddit under the username "TinkGoneWild." The intimate images and videos that Andrew Hill distributed on Reddit included images and videos of Plaintiff engaged in sexually explicit activity with Andrew Hill in a hotel room paid for by United Airlines. Plaintiff was horrified and immediately asked Andrew Hill to remove the intimate images and videos depicting her from the Internet and to cease his harmful, offensive, and illegal conduct. Andrew Hill represented to Plaintiff that he had removed the

intimate images and videos from the Internet and that he would cease his illegal conduct.

63. After that, the two continued dating until 2021, but their relationship was fraught with abusive and manipulative conduct by Andrew Hill. In September 2021, Plaintiff broke off the relationship with Andrew Hill after discovering that he had been cheating on her with multiple employees of United Airlines.

64. After Plaintiff confronted Andrew Hill, his behavior became increasingly erratic and dangerous. Andrew Hill relentlessly harassed Plaintiff, constantly calling her and texting her. Plaintiff continuously asked Andrew Hill to cease his conduct and to leave her alone.

65. In or around 2022, Andrew Hill began stalking Plaintiff. Andrew Hill showed up to Plaintiff's house, uninvited, and peeked through her windows. Despite knowing that Plaintiff did not want to communicate with him anymore, Andrew Hill left flowers and a six-page letter for Plaintiff at her home.

66. Between 2022 and 2023, Andrew Hill continued to stalk and harass Plaintiff by constantly texting and calling her, showing up to an event attended by Plaintiff, and showing up to Plaintiff's home. Plaintiff responded to Andrew Hill's repeated and continuous harassing behavior, only to tell him she did not want to speak with him if he wanted to restore their relationship. Plaintiff had no interest in continuing any romantic or intimate relationship with him.

67. As a result of the harassment by pilot Andrew Hill, flight attendant Plaintiff had no reasonable alternative but to bid on only those flights or schedules by which she could most likely avoid working together with Andrew Hill, although the possibility always remained.

68. Plaintiff was not Andrew Hill's only victim. In January 2024, a former United Airlines flight attendant filed a complaint with local law enforcement in Cedar City, UT, alleging that her coworker and ex-boyfriend, Andrew Hill, distributed intimate images of her online and

impersonated her online, creating profiles under her name and soliciting strangers for sex. According to law enforcement, this distribution had occurred for over a decade. During the police's investigation, the police linked these online profiles to Andrew Hill. Also, during their investigation, the police found numerous intimate images and videos of Plaintiff online, including on pornographic websites, Reddit, and Facebook, posted by Andrew Hill through an account created, ran, and monitored by Andrew Hill. The police informed Plaintiff that Andrew Hill had been impersonating her online to solicit sex and had posted the intimate images and videos of her under the unofficial series name, "TinkGoingWild". The police's investigation also showed that Andrew Hill had distributed intimate images and videos of approximately ten (10) other women as well – some of which were United Airlines employees. The police confirmed that Andrew Hill had been impersonating Plaintiff and regularly distributing intimate images and videos of her online from at least 2017 through April 2024 – *seven years*. Presumably, these intimate images and videos depicting Plaintiff were accessible to tens of thousands of United Airlines personnel and coworkers, along with countless other people in the United States and around the world who are passengers of United Airlines, and who would have access to the Internet.

69. Upon information and belief, the intimate images and videos of Plaintiff still exist on the Internet today. There is no possible way of knowing the true number of intimate images and videos depicting Plaintiff which exist and are in circulation today. The true number may never be known.

70. Andrew Hill's posts were reasonably expected, if not calculated, to affect Plaintiff's terms and conditions at work. At least some of Andrew Hill's posts explicitly implicated Plaintiff's job as a flight attendant by occupation, and in some cases as a flight attendant for United Airlines. Andrew Hill posted partially nude photographs of Plaintiff in her United Airlines uniform. He also

repeatedly referred to Plaintiff by name, identified her occupation, and made clear by implication that her employer was United Airlines.

71. In April 2024, a Utah detective working on the investigation of Andrew Hill served a search warrant on United Airlines to search its property and evidence, including Andrew Hill's personnel/employment file, for evidence of his crimes of identity fraud and distribution of pornography. *See* Exhibit 1. The detective also informed United Airlines (specifically, the detective emailed and/or called Jason Fleming, an Investigative Manager with Corporate Security at United Airlines) via email and/or call about their ongoing investigation of Andrew Hill, including their findings up to that point, which included the identification of numerous intimate and images depicting United Airlines flight attendants, including Plaintiff, posted by Andrew Hill. Despite this, United Airlines did not take any action – United Airlines did not reach out to speak with Plaintiff, did not advise United Airlines employees about Andrew Hill's criminal conduct or the investigation into him, did not investigate Andrew Hill, did not terminate Andrew Hill's employment, and did not place Andrew Hill on leave. Simply put, no corrective action was taken by United Airlines. Significantly, Mr. Fleming falsely told the detective that United Airlines had notified Plaintiff of the detective's report and provided Plaintiff with resources to support her.

72. In July 2024, the detective working on the investigation of Andrew Hill called Plaintiff to inform her that the police had found intimate images depicting her online distributed by Andrew Hill. The police also informed Plaintiff that they had informed United of Andrew Hill's criminal conduct in April 2024.

73. After that, in July 2024, Andrew Hill was arrested for his crimes. It was only *after* his arrest that United Airlines terminated his employment. Importantly, upon information and belief, United Airlines only terminated Andrew Hill because their attempts to save his job through

the pilots' ALPA union failed.

74. Once Andrew Hill's arrest and criminal conduct became public knowledge, employees from United Airlines posted about it on a United Airlines Facebook page. Plaintiff, as a United Airlines employee, was part of this Facebook page. United Airlines employees also approached Plaintiff at work, asking her about Andrew Hill's criminal conduct and arrest. Plaintiff was forced to endure conversations about Andrew Hill's criminal behavior during work. Plaintiff lives in fear every day that her coworkers and passengers have seen the intimate images and videos of her online.

75. On October 7, 2024, Andrew Hill pled guilty to eight felony counts of distribution of adult pornography, one count of felony stalking and one count of felony sexual extortion. *See* Exhibit 2.

76. Despite being aware – since as early as 2009 – that its employees, including pilots, might use their position within United Airlines to sexually harass and exploit its employees, United Airlines took no action to prevent and correct Andrew Hill's behavior.

77. Despite having employee rules of conduct, disciplinary mechanisms, applicable policies and procedures and the authority to prevent and correct the unlawful conduct of Andrew Hill, United Airlines failed or refused to take reasonably necessary actions to protect flight attendants from harassment while Andrew Hill was employed. Indeed, United Airlines has conceded that Andrew Hill's conduct directly violated its "Working Together Guidelines" by "displaying or distributing sexually suggestive or otherwise inappropriate pictures or objects [including but not limited to graphics on social media…". Yet, United Airlines failed to take any action in response.

78. The conduct outlined herein interfered with Plaintiff's performance of her work as

a Flight Attendant with United Airlines and altered her working conditions. Beginning in 2021, through the time Andrew Hill was arrested in 2024, Plaintiff changed her flight route approximately once a month to avoid servicing an aircraft piloted by Andrew Hill. Often, this meant Plaintiff taking inconvenient routes over the ones she was originally assigned to in order to avoid working with and/or interacting with Andrew Hill. While Plaintiff took these steps to mitigate the risk of having to work with Andrew Hill, the risk was never eliminated, causing Plaintiff severe anxiety about her work conditions. Additionally, after receiving the phone call from the detective working on Andrew Hill's case in July 2024, but before Andrew Hill was arrested, Plaintiff took off a few days from work due to the anxiety she felt about Andrew Hill's crimes and United's failure to take appropriate preventative or corrective action in response to the information about Andrew Hill and his crimes against Flight Attendants.

79. Moreover, Andrew Hill's actions and United's failure to address the matter effectively also had the consequence of interfering with Plaintiff's performance as a Flight Attendant as personal rapport and congeniality with United's staff and customers are key elements of her successful job performance.

80. Plaintiff has suffered and continues to suffer emotional pain and suffering, stress, inconvenience, loss of self-esteem, embarrassment, humiliation, and loss of enjoyment of life as a result of Andrew Hill's conduct and United Airlines' failure to prevent and correct the sexually harassing conduct which gave rise to a hostile work environment. Plaintiff has suffered and continues to suffer emotional harm attributable to the hostile environment which was perpetuated by United Airlines' failure to meet its responsibilities as an employer under the law.

81. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

82. Plaintiff has suffered and continues to suffer from personal injuries from the disclosure and/or distribution of the intimate images and videos depicting her breasts, genitals, and face. The permanent harm she suffers includes but is not limited to extreme and severe emotional distress with physical manifestations, anxiety, depression, and loss of privacy.

## VII. CAUSES OF ACTION

### COUNT 1: VIOLATION OF TITLE VII, 42 U.S.C. § 2000e (Sexual Harassment)

83. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully incorporated herein.

84. Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e), prohibits harassment by an employer against an employee on the basis of sex.

85. Plaintiff is an adult female and a member of a protected class as defined in Title VII.

86. At all relevant times Plaintiff was an employee of United Airlines as defined in Title VII.

87. At all relevant times Andrew Hill was an employee of United Airlines as defined in Title VII.

88. At all relevant times United Airlines was Plaintiff's and Andrew Hill's employer as defined in Title VII.

89. Plaintiff was subjected to unwelcome and offensive conduct, including sexual harassment on the basis of gender, which was subjectively and objectively offensive.

90. The sexual harassment by Andrew Hill against Plaintiff was severe and/or pervasive enough to alter the condition of Plaintiff's employment at United Airlines by creating a hostile working environment.

91. Andrew Hill's unwelcome sex-based conduct unreasonably interfered with Plaintiff's work at United Airlines or created an intimidating, hostile, or offensive working environment.

92. United Airlines created, maintained, fostered, participated in and/or ratified a hostile work environment in which discriminatory intimidation, offensive conduct, and sexual harassment were permitted to take place.

93. United Airlines had a duty to maintain a workplace free from discrimination and sexual harassment.

94. United Airlines failed to take sufficient actions to maintain a workplace free from discrimination and sexual harassment and failed to implement and enforce an effective discrimination and anti-sexual harassment policy.

95. United Airlines' actions or inactions have directly and proximately caused Plaintiff economic loss, damage to her professional reputation, humiliation, emotional distress, and pain and suffering in an amount to be determined at trial.

96. Plaintiff has satisfied all conditions precedent to the assertion of this lawsuit.

**COUNT 2: VIOLATION OF 15 U.S.C. § 6851(b)(1)(A)**
**(Civil Action Relating to Disclosure of Intimate Images)**

97. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully incorporated herein.

98. 15 U.S.C. § 6851, entitled "Civil action relating to disclosure of intimate images," ("CARDII"), provides that any individual who is a victim of their intimate visual depiction being disclosed, without their consent, and where such disclosure was made by a person knowingly or with reckless disregard of whether that individual has not consented, may recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of

the action, including reasonable attorneys' fees and other litigation costs reasonably incurred.

99. Photographs and videos are considered an "intimate visual depiction" under this section if they depict "the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual". 15 U.S.C. § 6851(a)(5)(A)(i).

100. When Andrew Hill disclosed Plaintiff's intimate visual depiction via the Internet, including the online platforms Reddit and Facebook, he did so in or affecting interstate commerce, or using a means or facility of interstate or foreign commerce, in violation of 15 U.S.C. § 6851(b)(1)(a). *United States v. Morgan*, 748 F.3d 1024, 1033 (10th Cir. 2014) (there is no question that cell phones are instrumentalities of interstate commerce); *United States v. Allen*, 86 F. 4th 295, 299 (6th Cir. 2023) ("cellphones were instrumentalities of interstate commerce").

101. When Andrew Hill disclosed the intimate visual depictions of Plaintiff online, he knew, or recklessly disregarded, that Plaintiff never consented to the disclosure of the depictions.

102. The intimate images and/or videos depicting Plaintiff that were disclosed by Andrew Hill constitute an "intimate visual depiction" and is subject to the protections of CARDII.

103. When Andrew Hill disclosed the intimate visual depictions of Plaintiff online, he was employed by United Airlines, and he was acting within the course and scope of his employment as a pilot and agent of Defendant United Airlines.

104. United Airlines is vicariously liable for the abusive acts of its employee, Andrew Hill.

105. The employees, agents, and principals of United Airlines had a duty to maintain a workplace free from discrimination and sexual harassment, to protect flight attendants like Plaintiff from dangerous employees and supervisors, to investigate employees accused of misconduct and illegal conduct, and to remove dangerous employees from the work environment.

106. The employees, agents, and principals of United Airlines were acting within their authority when they breached these duties.

107. Plaintiff intends to prove her actual damages as a result of Andrew Hill's actions.

108. At a minimum, Plaintiff intends to seek statutory liquidated damages in the amount of $150,000 against Andrew Hill, as well as the cost of the action, including reasonable attorneys' fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

**COUNT 3: VIOLATION OF C.R.S. § 13-21-1401, *et. seq.***
**(Colorado's Revenge Pornography Statute)**

109. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully incorporated herein.

110. C.R.S. § 13-21-1401 *et seq*. provides a civil right of action for unlawful disclosure of intimate images.

111. C.R.S. § 13-21-1401 *et seq*. provides that:

> a depicted individual who is identifiable and who has suffered harm from a person's intentional disclosure or threatened disclosure of an intimate image that was private without the depicted individual's consent has a cause of action against the person if the person knew or acted with reckless disregard for whether: (a) The depicted individual did not consent to the disclosure; (b) The intimate image was private; and (c) The depicted individual was identifiable.

112. Andrew Hill knew that Plaintiff had a reasonable expectation that the intimate images and/or videos of her would remain private. Indeed, Plaintiff explicitly told Andrew Hill that she did not want any intimate images and/or videos of her disclosed and/or distributed.

113. Andrew Hill nevertheless repeatedly distributed material which exposes intimate body parts of Plaintiff.

114. When Andrew Hill disclosed the intimate visual depictions of Plaintiff online, he

was employed by United Airlines, and he was acting within the course and scope of his employment as a pilot and agent of Defendant United Airlines.

115. United Airlines is vicariously liable for the abusive acts of its employee, Andrew Hill.

116. The employees, agents, and principals of United Airlines had a duty to maintain a workplace free from discrimination and sexual harassment, to protect flight attendants like Plaintiff from dangerous employees and supervisors, to investigate employees accused of misconduct and illegal conduct, and to remove dangerous employees from the work environment.

117. The employees, agents, and principals of United Airlines were acting within their authority when they breached these duties.

118. Plaintiff suffered general and special damages as a result of Andrew Hill's conduct and United Airlines' failure to take preventative or corrective action.

119. Colorado's statute is silent as to vicarious liability. The Court should therefore conclude that the legislature intended to incorporate this theory.

**COUNT 4: NEGLIGENCE**
**(Negligent Hiring, Supervision, and Retention)**

120. Plaintiff realleges and incorporates by reference all prior and subsequent paragraphs as if fully incorporated herein.

121. At all relevant times, Andrew Hill was an employee and/or agent of United Airlines and acting in the course and scope of his employment with United Airlines. Andrew Hill and United Airlines were therefore in an employee-employer relationship. As an employee and/or agent of United Airlines, Andrew Hill was under the direct supervision, management, agency, and control of United Airlines, including at all relevant times during his interactions with Plaintiff and/or during his criminal and illegal behavior. Andrew Hill engaged in the wrongful and illegal

conduct complained of herein while acting in the course and scope of his employment with United Airlines and/or sexually harassed and discriminated against Plaintiff by virtue of his job-created authority.

122. United Airlines owed a duty to Plaintiff as United Airlines could have reasonably expected, consistent with the practical realities of an employer-employee relationship, to appreciate the danger that Andrew Hill posed and the risk of continued harassment and discrimination of Plaintiff and to act to minimize or protect Plaintiff against continued harassment and discrimination.

123. United Airlines breached its duty, acting by and through its agents/employees who were acting within the course and scope of their employment, when it failed to adequately supervise and/or retain Andrew Hill to prevent the continued harassment and discrimination of Plaintiff.

124. As a direct and proximate cause of United Airlines' breach of its duty, Plaintiff suffered damages, including, but not limited to, severe emotional distress, and humiliation, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant United Airlines on each of the above-referenced claims and counts as follows:

a. That the Court grant a permanent injunction enjoining United Airlines, its officers, agents, servants, employees, volunteers, and all persons active in concert of participation with them, from:

    i. Harassing employees based on their sex;

    ii. Permitting the existence of a sexually harassing, hostile work

environment;

iii. Discriminating against employees based on their sex;

iv. Retaliating against employees based on their sex;

v. Any other employment practice which discriminates against any individual in violation of Title VII.

b. That the Court order United Airlines to institute and carry out policies, practices, and programs for preventing, recognizing, or responding to abuse, including sexual harassment.

c. That the Court order United Airlines to institute and carry out policies, practices, and programs for reporting abuse, including sexual harassment.

d. That the Court order United Airlines to make whole Plaintiff by providing compensation for past and future non-pecuniary losses resulting from its unlawful and negligent practices described herein, including but not limited to emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

e. That the Court award Plaintiff compensatory, consequential, general, and nominal damages in an amount to be determined at trial.

f. That the Court award punitive or exemplary damages in an amount to be determined at trial.

g. That the Court award to Plaintiff the costs and disbursements of the action, along with reasonable attorneys' fees, costs, and expenses.

h. That the Court award pre- and post-judgment interest at the maximum legal rate.

i. That the Court award actual damages pursuant to 15 U.S.C. § 6851.

j. That the Court award liquidated damages in the amount of $150,000 from each of

Defendant United Airlines' violations pursuant to 15 U.S.C. § 6851.

k. That the Court grant all such other and further relief as it deems just and proper.

l. That the Court retain jurisdiction of this matter to ensure all forms of relief it deems appropriate.

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all claims so triable.

Dated: November 24, 2025

Respectfully submitted,

s/ Allison Mahoney___
**ALM Law LLC**
Colorado Bar No. 57677
411 East Main Street, Suite 205
Aspen, CO 81611
Telephone: (970) 315-5152
E-mail: allison@almlawllc.com
Attorneys for Plaintiff Lisa Denson

s/ Cori J. Iacopelli___________
**MARSH LAW FIRM PLLC**
Helene M. Weiss
31 Hudson Yards, 11th Floor
New York, NY 10001
Telephone: (212) 372-3030
E-mail: coriiacopelli@marsh.law
heleneweiss@marsh.law
Attorneys for Plaintiff Lisa Denson

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record at the following email addresses:

Allison L. Mahoney
ALM LAW LLC
411 East Main Street, Suite 205
Aspen, CO 81611
allison@almlawllc.com
*Attorneys for Plaintiff Lisa Denson*

Ada W. Dolph
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
adolph@seyfarth.com
*Attorneys for Defendant United Airlines, Inc.*

# EXHIBIT 1

IN THE FIFTH DISTRICT COURT - CEDAR DEPARTMENT

IN AND FOR IRON COUNTY, STATE OF UTAH

# SEARCH WARRANT

No. 2868521

COUNTY OF IRON, STATE OF UTAH

To any peace officer in the State of Utah:

Proof by Affidavit made upon oath or written affirmation subscribed under criminal penalty of the State of Utah having been made to me by Detective ZACHARY PAUL BANZ of Cedar City Police Dept, this day, I am satisfied that there is probable cause to believe

THAT

On the premises known as 233 South Wacker Drive, 11th Fl. Chicago, IL 60606,further described as United Airlines;

On the item(s) described as:

Any and all employee records for Andrew Hill, DOB 06/15/1988. from December 01, 2023 to April 23, 2024.

In the City of Chicago, County of Iron, State of Utah, there is now certain property or evidence described as:

Any and all employee records for Andrew Hill, DOB 06/15/1988, from December 01, 2023 to April 23, 2024.

All employee records not limited to:
1) Phone number on file, address on file, email address on file, & social security number on file.
2) Flight logs and Records
3) United Benefits-Jump seating records
4) Locations traveled, Hotels and lodging locations on record.

and that said property or evidence:

Was unlawfully acquired or is unlawfully possessed;

has been used or is possessed for the purpose of being used to commit or conceal the commission of an offense; or

is evidence of illegal conduct.

Affiant believes the property and evidence described above is evidence of the crime or crimes of Distribution of an intimate image, Identity Fraud, Distribution of Pornography.

YOU ARE THEREFORE COMMANDED:

to make a search in the daytimeof the above-named or described person, vehicle, item, and/or premises for the herein-above described property or evidence and if you find the same or any part thereof, retain such property in your custody subject to the direction of a prosecutor or an order of this Court.

ORDER TO SEAL

Based upon the Application to Seal in the accompanying Affidavit in Support of Search Warrant, IT IS HERBY ORDERED that that the search warrant, application, and affidavit or other recorded testimony upon which this search warrant is based, to include the application for an order sealing such documents, is SEALED until 07/22/2024.

Dated: 23rd day of April, 2024 @ 04:39 PM /s/ **MATTHEW L BELL**
**District Court Judge**

# EXHIBIT 2

SAM E. WOODALL - 17126
Chief Deputy Iron County Attorney
82 North 100 East, Suite 201
Cedar City, UT 84720
Phone: (435) 865-5310

IN THE FIFTH JUDICIAL DISTRICT COURT
IN AND FOR IRON COUNTY, STATE OF UTAH

| | |
|---|---|
| STATE OF UTAH,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW HILL,<br><br>Defendant. | **STATEMENT OF DEFENDANT IN SUPPORT OF PLEA AND CERTIFICATE OF COUNSEL**<br><br>Criminal No. 241500337<br><br>Judge Matthew L. Bell |

I, ANDREW HILL., hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights:

NOTIFICATION OF CHARGES

I am pleading guilty to the following crime(s):

| Crime & Statutory Provision | Degree | Punishment Min/Max and/or Minimum Mandatory |
|---|---|---|
| 1. Distribution of Pornography by Adult UCA § 76-10-1204(4)(a) | Third Degree Felony | 0-5 years / $5,000 fine, plus a 90% surcharge; there is no minimum mandatory |
| 2. Distribution of Pornography by Adult UCA § 76-10-1204(4)(a) | Third Degree Felony | 0-5 years / $5,000 fine, plus a 90% surcharge; there is no minimum mandatory |
| 3. Distribution of Pornography by Adult UCA § | Third Degree Felony | 0-5 years / $5,000 fine, plus a 90% surcharge; there is no minimum mandatory |

| | | |
|---|---|---|
| 76-10-1204(4)(a) | | |
| 4. Distribution of Pornography by Adult UCA § 76-10-1204(4)(a) | Third Degree Felony | 0-5 years / $5,000 fine, plus a 90% surcharge; there is no minimum mandatory |
| 5._Distribution of Pornography by Adult UCA § 76-10-1204(4)(a) | Third Degree Felony | 0-5 years / $5,000 fine, plus a 90% surcharge; there is no minimum mandatory |
| 6. Distribution of Pornography by Adult UCA § 76-10-1204(4)(a) | Third Degree Felony | 0-5 years / $5,000 fine, plus a 90% surcharge; there is no minimum mandatory |
| 7. Distribution of Pornography by Adult UCA § 76-10-1204(4)(a) | Third Degree Felony | 0-5 years / $5,000 fine, plus a 90% surcharge; there is no minimum mandatory |
| 8. Distribution of Pornography by Adult UCA § 76-10-1204(4)(a) | Third Degree Felony | 0-5 years / $5,000 fine, plus a 90% surcharge; there is no minimum mandatory |
| 9. Stalking Cohabitant UCA § 76-5- 106.5(2)+(3BV) | Third Degree Felony | 0-5 years / $5,000 fine, plus a 90% surcharge; there is no minimum mandatory |
| 10. Sexual Extortion UCA § 76-5b-204(2A)+(3AI) | Third Degree Felony | 0-5 years / $5,000 fine, plus a 90% surcharge; there is no minimum mandatory |

AH

Initials

I have received a copy of the Amended Information against me. I have read it, or had it read to me, and I understand the nature and the elements of the crimes to which I am pleading guilty.

AH

Initials

The elements of the crimes to which I am pleading guilty are:

COUNT 1: DISTRIBUTION OF PORNOGRAPHY BY ADULT, a Third Degree Felony, in violation of 76-10-1204(4)(a), in that ANDREW HILL on or about January 26, 2024 did, being 18 years of age or older, knowingly (a) send or bring any pornographic material into the state with intent to distribute or exhibit it to others; (b) prepare, publish, print, or possess any pornographic material with intent to distribute or exhibit it to others; (c) distribute or offer to distribute, exhibit or offer to exhibit any pornographic material to others; (d) write, create, or solicit the publication or advertising of pornographic material; (e) promote the distribution or exhibition of material he represented to be pornographic; or (f) present or direct a pornographic performance in any public place or any place exposed to public view or participates in that portion of the performance which made it pornographic.

COUNT 2: DISTRIBUTION OF PORNOGRAPHY BY ADULT, a Third Degree Felony, in violation of 76-10-1204(4)(a), in that ANDREW HILL on or about January 26, 2024 did, being 18 years of age or older, knowingly (a) send or bring any pornographic material into the state with intent to distribute or exhibit it to others; (b) prepare, publish, print, or possess any pornographic material with intent to distribute or exhibit it to others; (c) distribute or offer to distribute, exhibit or offer to exhibit any pornographic material to others; (d) write, create, or solicit the publication or advertising of pornographic material; (e) promote the distribution or exhibition of material he represented to be pornographic; or (f) present or direct a pornographic performance in any public place or any place exposed to public view or participates in that portion of the performance which made it pornographic.

COUNT 3: DISTRIBUTION OF PORNOGRAPHY BY ADULT, a Third Degree Felony, in violation of 76-10-1204(4)(a), in that ANDREW HILL on or about February 1, 2024 did, being 18 years of age or older, knowingly (a) send or bring any pornographic material into the state with intent to distribute or exhibit it to others; (b) prepare, publish, print, or possess any pornographic material with intent to distribute or exhibit it to others; (c) distribute or offer to distribute, exhibit or offer to exhibit any pornographic material to

others; (d) write, create, or solicit the publication or advertising of pornographic material; (e) promote the distribution or exhibition of material he represented to be pornographic; or (f) present or direct a pornographic performance in any public place or any place exposed to public view or participates in that portion of the performance which made it pornographic.

COUNT 4: DISTRIBUTION OF PORNOGRAPHY BY ADULT, a Third Degree Felony, in violation of 76-10-1204(4)(a), in that ANDREW HILL on or about February 1, 2024 did, being 18 years of age or older, knowingly (a) send or bring any pornographic material into the state with intent to distribute or exhibit it to others; (b) prepare, publish, print, or possess any pornographic material with intent to distribute or exhibit it to others; (c) distribute or offer to distribute, exhibit or offer to exhibit any pornographic material to others; (d) write, create, or solicit the publication or advertising of pornographic material; (e) promote the distribution or exhibition of material he represented to be pornographic; or (f) present or direct a pornographic performance in any public place or any place exposed to public view or participates in that portion of the performance which made it pornographic.

COUNT 5: DISTRIBUTION OF PORNOGRAPHY BY ADULT, a Third Degree Felony, in violation of 76-10-1204(4)(a), in that ANDREW HILL on or about February 1, 2024 did, being 18 years of age or older, knowingly (a) send or bring any pornographic material into the state with intent to distribute or exhibit it to others; (b) prepare, publish, print, or possess any pornographic material with intent to distribute or exhibit it to others; (c) distribute or offer to distribute, exhibit or offer to exhibit any pornographic material to others; (d) write, create, or solicit the publication or advertising of pornographic material; (e) promote the distribution or exhibition of material he represented to be pornographic; or (f) present or direct a pornographic performance in any public place or any place exposed to public view or participates in that portion of the performance which made it pornographic.

COUNT 6: DISTRIBUTION OF PORNOGRAPHY BY ADULT, a Third Degree Felony, in violation of 76-10-1204(4)(a), in that ANDREW HILL on or about February 1, 2024

did, being 18 years of age or older, knowingly (a) send or bring any pornographic material into the state with intent to distribute or exhibit it to others; (b) prepare, publish, print, or possess any pornographic material with intent to distribute or exhibit it to others; (c) distribute or offer to distribute, exhibit or offer to exhibit any pornographic material to others; (d) write, create, or solicit the publication or advertising of pornographic material; (e) promote the distribution or exhibition of material he represented to be pornographic; or (f) present or direct a pornographic performance in any public place or any place exposed to public view or participates in that portion of the performance which made it pornographic.

COUNT 7: DISTRIBUTION OF PORNOGRAPHY BY ADULT, a Third Degree Felony, in violation of 76-10-1204(4)(a), in that ANDREW HILL on or about February 1, 2024 did, being 18 years of age or older, knowingly (a) send or bring any pornographic material into the state with intent to distribute or exhibit it to others; (b) prepare, publish, print, or possess any pornographic material with intent to distribute or exhibit it to others; (c) distribute or offer to distribute, exhibit or offer to exhibit any pornographic material to others; (d) write, create, or solicit the publication or advertising of pornographic material; (e) promote the distribution or exhibition of material he represented to be pornographic; or (f) present or direct a pornographic performance in any public place or any place exposed to public view or participates in that portion of the performance which made it pornographic.

COUNT 8: DISTRIBUTION OF PORNOGRAPHY BY ADULT, a Third Degree Felony, in violation of 76-10-1204(4)(a), in that ANDREW HILL on or about February 1, 2024 did, being 18 years of age or older, knowingly (a) send or bring any pornographic material into the state with intent to distribute or exhibit it to others; (b) prepare, publish, print, or possess any pornographic material with intent to distribute or exhibit it to others; (c) distribute or offer to distribute, exhibit or offer to exhibit any pornographic material to others; (d) write, create, or solicit the publication or advertising of pornographic material; (e) promote the distribution or exhibition of material he represented to be pornographic; or (f) present or direct a pornographic performance in any public place or any place exposed to public view or participates in that portion of the performance which made it

pornographic.

COUNT 9: STALKING COHABITANT, a Third Degree Felony, in violation of 76-5-106.5(2)+(3BV), in that ANDREW HILL on or about January 26, 2024 did intentionally or knowingly (a) engage in a course of conduct directed at a specific individual and knew or should have known that the course of conduct would cause a reasonable person:(i) to fear for the individuals' own safety or the safety of a third individual; or(ii) to suffer other emotional distress; or(b) violate:(i) a stalking injunction issued pursuant to Title 78B, Chapter 7, Part 7; or (ii)a permanent criminal stalking injunction issued pursuant to Title 78B, Chapter 7, Part 9; and has been or is at the time of the offense a cohabitant, as defined in Section 78B-7-102, of the victim.

COUNT 10: SEXUAL EXTORTION, a Third Degree Felony, in violation of 76-5b-204(2A)+(3AI), in that ANDREW HILL on or about January 26, 2024 did: (a) with an intent to coerce a victim to engage in sexual contact, in sexually explicit conduct, or in simulated sexually explicit conduct, or to produce, provide, or distribute an image, video, or other recording of any individual naked or engaged in sexually explicit conduct, communicated by any means a threat: (i) to the victim's person, property, or reputation; or (ii) to distribute an intimate image or video of the victim; or(b) knowingly causes a victim to engage in sexual contact, in sexually explicit conduct, or in simulated sexually explicit conduct, or to produce, provide, or distribute any image, video, or other recording of any individual naked or engaged in sexually explicit conduct by means of a threat: (i) to the victim's person, property, or reputation; or (ii) to distribute an intimate image or video of the victim; or (c) with the intent to obtain an thing of value from a victim communicated, by any means, a threat to distribute an intimate image or video of the victim.

AH
Initials

I understand that by pleading guilty I will be admitting that I committed the crime(s) listed above. I stipulate and agree that the following facts describe my conduct and the conduct of other persons for which I am criminally liable. These facts provide a basis for

the Court to accept my guilty plea and prove the elements of the crime(s) to which I am pleading guilty:

Initials

*On or about January 26, 2024 did, being 18 years of age or older, knowingly (a) send or bring any pornographic material into the state with intent to distribute or exhibit it to others; (b) prepare, publish, print, or possess any pornographic material with intent to distribute or exhibit it to others; (c) distribute or offer to distribute, exhibit or offer to exhibit any pornographic material to others; (d) write, create, or solicit the publication or advertising of pornographic material; (e) promote the distribution or exhibition of material he represented to be pornographic; or (f) present or direct a pornographic performance in any public place or any place exposed to public view or participates in that portion of the performance which made it pornographic. Moreover, on or about January 26, 2024 did intentionally or knowingly (a) engage in a course of conduct directed at a specific individual and knew or should have known that the course of conduct would cause a reasonable person:(i) to fear for the individuals' own safety or the safety of a third individual; or(ii) to suffer other emotional distress; or(b) violate:(i) a stalking injunction issued pursuant to Title 78B, Chapter 7, Part 7; or (ii)a permanent criminal stalking injunction issued pursuant to Title 78B, Chapter 7, Part 9; and has been or is at the time of the offense a cohabitant, as defined in Section 78B-7-102, of the victim. Lastly, on or about January 26, 2024 did: (a) with an intent to coerce a victim to engage in sexual contact, in sexually explicit conduct, or in simulated sexually explicit conduct, or to produce, provide, or distribute an image, video, or other recording of any individual naked or engaged in sexually explicit conduct, communicated by any means a threat: (i) to the victim's person, property, or reputation; or (ii) to distribute an intimate image or video of the victim; or(b) knowingly causes a victim to engage in sexual contact, in sexually explicit conduct, or in simulated sexually explicit conduct, or to produce, provide, or distribute any image, video, or other recording of any individual naked or engaged in sexually explicit conduct by means of a threat: (i) to the victim's person, property, or reputation; or (ii) to distribute an intimate image or video of the victim; or (c) with the intent to obtain an thing of value from a victim communicated, by any means, a threat to distribute an intimate image or video of the victim.*

Initials

## WAIVER OF CONSTITUTIONAL RIGHTS

I am entering this plea voluntarily. I understand that I have the following rights under the constitutions of Utah and of the United States. I also understand that if I plead guilty I will give up all the following rights:

**Counsel.** I know that I have the right to be represented by an attorney and that if I cannot afford one, an attorney will be appointed by the Court at no cost to me. I understand that I might later, if the judge determined that I was able, be required to pay for the appointed lawyer's service to me.

Initials

I (have not) (have) waived my right to counsel. If I have waived my right to counsel, I have done so knowingly, intelligently, and voluntarily, and after stating my reasons for doing so on the record.

Initials

If I have waived my right to counsel, I certify that I have read this statement and that I understand the nature and elements of the charges and crimes to which I am pleading guilty. I also understand my rights in this case and other cases and the consequences of my guilty plea.

Initials

If I have **not** waived my right to counsel, my attorney is Jack B. Burns. My attorney and I have fully discussed this statement, my rights, and the consequences of my guilty pleas.

Initials

**Jury Trial.** I know that I have a right to a speedy and public trial by an impartial (unbiased) jury and that I will be giving up that right by pleading guilty.

Initials

**Confrontation and cross-examination of witnesses.** I know that if I were to have a trial: a) I would have the right to see and observe the witnesses who testified against me; and (b) my attorney, or myself if I waived my right to an attorney, would have the opportunity to cross-examine all of the witnesses who testified against me.

Initials

**Right to compel witnesses.** I know that if I were to have a trial, I could call witnesses if I chose to, and I would be able to obtain subpoenas requiring the attendance and testimony of those witnesses. If I could not afford to pay for the witnesses to appear, the State would pay those costs.

Initials

**Right to testify and privilege against self-incrimination.** I know that if I were to have a trial, I would have the right to testify on my own behalf. I also know that if I chose not to testify, no one could make me testify or make me give evidence against myself. I also know that if I chose not to testify, the jury would be told that they could not hold my refusal to testify against me.

Initials

**Presumption of innocence and burden of proof.** I know that if I do not plead guilty, I am presumed innocent until the State proves that I am guilty of the charged crimes. If I choose to fight the charges against me, I need only plead not guilty, and my case will be set for a trial. At a trial, the State would have the burden of proving each element of the charges beyond a reasonable doubt. If the trial is before a jury, the verdict must be unanimous, meaning that each juror would have to find me guilty.

Initials

I understand that if I plead guilty, I give up the presumption of innocence and will be admitting that I committed the crimes stated above.

Initials

**Appeal.** I know that under the Utah Constitution, if I were convicted by a jury or judge, I would have the right to appeal my conviction and sentence. If I could not afford the costs of an appeal, the State would pay those costs for me. I understand that I am giving up my right to appeal my conviction if I plead guilty. I understand that if I wish to appeal my sentence I must file a notice of appeal within 30 days after my sentence is entered. I also understand that I have a right to be represented by an attorney if I choose to appeal my sentence and that if I cannot afford to hire an attorney for an appeal, the Court can appoint an attorney to represent me on appeal, if I qualify.

Initials

**I know and understand that by pleading guilty, I am waiving and giving up all the statutory and constitutional rights as explained above.**

INITIALS

## CONSEQUENCES OF ENTERING A GUILTY PLEA

**Potential penalties.** I know the maximum sentence that may be imposed for each crime to which I am pleading guilty. I know that by pleading guilty to a crime that carries a mandatory penalty, I will be subjecting myself to serving a mandatory penalty for that crime. I know my sentence may include a prison term, fine, or both.

Initials

I know that in addition to a fine, a ninety percent (90%) surcharge will be imposed. I also know that I may be ordered to make restitution to any victim(s) of my

crimes, including any restitution that may be owed on charges that are dismissed as part of a plea agreement.

Initials

**Consecutive/concurrent prison terms.** I know that if there is more than one crime involved, the sentences may be imposed one after another (consecutively), or they may run at the same time (concurrently). I know that I may be charged an additional fine for each crime that I plead to. I also know that if I am on probation or parole, or awaiting sentencing on another offense of which I have been convicted or which I have plead guilty, my guilty pleas now may result in consecutive sentences being imposed on me. If the offenses to which I am now pleading guilty occurred when I was imprisoned or on parole, I know the law requires the Court to impose consecutive sentences unless the Court finds and states on the record that consecutive sentences would be inappropriate.

**Initials**

**Firearm Restriction as a Result of Conviction**. I acknowledge and understand that a conviction in this case will classify me as a restricted person; as a restricted person, I may not possess a firearm. This means I cannot purchase, transfer, or own a firearm. I cannot have a firearm in my physical possession, or be perceived by others to own a firearm, and I cannot exercise control over a firearm.

There will be additional criminal charges and penalties if I possess a firearm, which may include:

- Second Degree Felony: 1-15 years in prison and up to $10,000 +90% surcharge for Category I restricted persons
- Third Degree Felony: 0-5 years in prison and up to $5,000 +90% surcharge for Category II restricted persons

I acknowledge that by pleading guilty or no contest I am now a restricted person and that I must forfeit possession of each firearm that I currently possess, and that I will be in violation of federal and state law if I possess a firearm. I have consulted with my attorney about the consequences of becoming a restricted person under Utah law.

a H

Initials

10. **Plea agreement.** My guilty plea is the result of a plea agreement between myself and the prosecuting attorney. All the promises, duties, and provisions of the plea agreement, if any, are fully contained in this statement, including those explained below:

a H

Initials

In exchange for my plea of guilty as set forth herein, the State of Utah has agreed to file an Amended Information therein charging me with EIGHT COUNTS OF DISTRIBUTION OF PORNOGRAPHY BY ADULT, a Third Degree Felony, STALKING COHABITANT, a Third Degree Felony, SEXUAL EXTORTION, a Third Degree Felony; as opposed to the original Information which charged me with DISTRIBUTION OF PORNOGRAPHY BY ADULT, a Third Degree Felony, UNLAWFUL DISTRIBUTION OF INTIMATE IMAGE, a Class A Misdemeanor, ELECTRONIC COMMUNICATION HARASSMENT, a Class B Misdemeanor. In exchange for my plea of guilty as set forth herein, I understand that the State of Utah will recommend the preparation of a Presentence Investigation Report prior to sentencing. No other promises have been made to induce me to plead guilty, other than my sentences to all counts would run concurrent with one another.

a H

Initials

**Trial judge not bound.** I know that any charge or sentencing concession or recommendation of probation or suspended sentence, including a reduction of the charges for sentencing, made or sought by either defense counsel or the prosecuting attorney are not binding on the judge. I also know that any opinions they express to me as to what they believe the judge may do are not binding on the judge.

a H

Initials

**Deportation.** I know, and it has been explained to me, that a criminal conviction may have adverse immigration consequences. Further, I know and understand that a criminal

conviction could result in my removal and deportation. My attorney has advised me that Immigration Law is a specialized field, that my attorney is not an immigration lawyer, and that I would need to consult with an immigration specialist if I want further advice on that subject.

AH
Initials

**Enhanced Penalties for Future Convictions.** I have been informed that the plea I am entering will result in a conviction. I have been further informed that my plea could be used in the future to increase the severity of future criminal offenses and/or increase the severity of the sentence that I might receive for convictions of criminal offenses.

AH
Initials

**Fines and Fees.** Fines, restitution and/or fees may be sent to the Office of State Debt Collection if the Court determines that payments have become ninety (90) days past due. If the Defendant is arrested and incarcerated during the period of probation, payments of the fines, restitution and/or fees will be stayed. However, the Defendant shall notify the Court at any time he/she becomes incarcerated while on probation, within thirty (30) days of that incarceration. Failure to do so shall indicate the Defendant has waived the automatic payment stay and allows fines, restitution and/or fees to go to collections when they become ninety (90) days past due.

AH
Initials

## DEFENDANT'S CERTIFICATION OF VOLUNTARINESS

I am entering this plea of my own free will and choice. No force, threats, or unlawful influence of any kind have been made to get me to plead guilty. No promises except those contained in this statement have been made to me.

AH
Initials

I have read this statement, or I have had it read to me by my attorney, and I understand its contents and adopt each statement in it as my own. I know that I am free to

change or delete anything contained in this statement, but I do not wish to make any changes because all of the statements are correct.

aH
Initials

I am satisfied with the advice and assistance of my attorney.

aH
Initials

I am 36 years of age. I have attended school through the 12 + grade. I can read and understand the English language. If I do not understand English, an interpreter has been provided to me. I was not under the influence of any drugs, medication, or intoxicants which would impair my judgment when I decided to plead guilty. I am not presently under the influence of any drug, medication, or intoxicants which impair my judgment.

aH
Initials

I believe myself to be of sound and discerning mind and to be mentally capable of understanding these proceedings and the consequences of my plea. I am free of any mental disease, defect, or impairment that would prevent me from understanding what I am doing or from knowingly, intelligently, and voluntarily entering my plea.

aH
Initials

**I understand that if I want to withdraw my guilty plea, I must file a written motion to withdraw my pleas before sentence is announced. I understand that for a plea held in abeyance, a motion to withdraw from the plea agreement must be made within 30 days of pleading guilty or no contest. I will only be allowed to withdraw my plea if I show that it was not knowingly and voluntarily made. I understand that any challenge to my pleas made after sentencing must be pursued under the Post-**

**Conviction Remedies Act in Title 78, Chapter 35a, and Rule 65C of the Utah Rules of Civil Procedure.**

Date 10/7/2024

ANDREW HILL
Defendant

## CERTIFICATE OF DEFENSE ATTORNEY

I certify that I am the attorney for ANDREW HILL., the Defendant above, and that I know he/she has read the statement or that I have read it to him/her; I have discussed it with him/her and believe that he/she fully understands the meaning of its contents and is mentally and physically competent. To the best of my knowledge and belief, after an appropriate investigation, the elements of the crimes and the factual synopsis of the Defendant's criminal conduct are correctly stated; and these, along with the other representations and declarations made by the Defendant in the foregoing affidavit, are accurate and true.

Date 10/7/24

JACK B. BURNS
Attorney for Defendant

## CERTIFICATE OF PROSECUTING ATTORNEY

I certify that I am the attorney for the State of Utah in this case against ANDREW HILL., Defendant. I have reviewed this Statement of Defendant and find that the factual basis of the Defendant's criminal conduct which constitutes the offenses is true and correct. No improper inducements, threats, or coercion to encourage a plea has been offered Defendant. The plea negotiations are fully contained in the Statement in the attached Plea Agreement or as supplemented on the record before the Court. There is reasonable cause to believe that the evidence would support the conviction of Defendant for the offenses for which the plea is entered and that the acceptance of the plea would serve the public interest.

October 7, 2024
Date

*/s/ Sam. E. Woodall*
SAM E. WOODALL
Attorney for Plaintiff

## ORDER

Based on the facts set forth in the foregoing Statement and the certification of the Defendant and counsel, and based on any oral representations in court, the Court witnesses the signatures and finds that Defendant's guilty plea is freely, knowingly, and voluntarily made.

IT IS HEREBY ORDERED that the Defendant's guilty plea to the crimes set forth in the Statement be accepted and entered.

BY THE COURT:

District Court Judge

STATE OF UTAH IRON DISTRICT COURT

Date 7 OCTOBER 2024