**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-CV-03403-NYW

LISA DENSON,

Plaintiff,

v.

UNITED AIRLINES, INC.,

Defendant.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

---

# TABLE OF CONTENTS

I. INTRODUCTION……………………………………………………….…………...1

II. STANDARD……………………………………………………………………………2

III. LAW AND ARGUMENT………………………………………………………………2

A. The Court Should Not Consider Untied's "Working Together Guidelines."……………………………………………………………………3

B. Plaintiff's Title VII Hostile Work Environment Claim is Timely and Sufficiently Alleges that United Knew or Should Have Known of the Harassment…………..4

1. Plaintiff's hostile work environment claim is timely…………………...4

2. United knew or should have known of the harassment…………………4

C. 15 U.S.C. §6851 Applies to Disclosures Made After October 1, 2022…………....6

D. The Federal and Colorado Disclosure Statutes Permit Vicarious Liability…….…6

E. United is Vicariously Liable…………………………………………………………7

1. Aided-By-Agency…………………………………………………………8

2. Ratification……………………………………………………………..10

F. Plaintiff's Negligence Claims Must Proceed……………………………………11

1. Plaintiff's negligence claims are timely………………………………..11

2. Plaintiff states a claim for negligent hiring……………………………11

3. Plaintiff states claims for negligent supervision and retention………...12

IV. Conclusion……………………………………………………………………………...13

# TABLE OF AUTHORITIES

## Cases

*Adler v. Wal-Mart Stores, Inc.*
144 F.3d 664 (10th Cir. 1998)……5

*AMTRAK v. Morgan*
536 U.S. 101 (2002)……4

*Ashcroft v. Iqbal*
556 U.S. 662, 678 (2009)……2

*Ballou v. Wells*
2024 U.S. Dist. LEXIS 91526 N.D. Okla. May 22, 2024)……6

*Beach v. Beach*
74 P.3d 1 (Colo. 2003)……7

*Burlington Indus., Inc. v. Ellerth*
524 U.S. 742 (1998)……8

*Casanova v. Ulibarri*
595 F.3d 1120 (10th Cir. 2010)……2

*Connes v. Molalla Transp. Sys., Inc.*
831 P. 2d. 1316 (Colo. 1992)……11, 12

*Doe v. T-Mobile USA, Inc.*
2024 U.S. Dist. LEXIS 72096 (E.D. Wash. Apr. 18, 2024)……7, 8

*Frick v. Abell*
602 P.2d 852 (Colo. 1979)……10

*Gee v. Pacheco*
627 F.3d 1178(10th Cir. 2010)……3

*J.L. v. Best W. Int'l, Inc.*
521 F. Supp. 3d 1048 (D. Colo. 2021)……6

*Jackson v. Kan. City Kan. Pub. Sch. Unified Sch. Dist.*
799 F. App'x 586 (10th Cir. 2020)……4

*Landgraf v. USI Film Products*
511 U.S. 244 (1994)……………………………………………………………………6

*Luchte v. Coyle*
2025 U.S. Dist. LEXIS 324502 (D. Idaho May 29, 2025)………………………………6

*Meyer v. Holley*
537 U.S. 280 (2003)……………………………………………………………..6, 10

*People v. Johnson*
2021 CO 79 (Colo. 2021)……………………………………………………………7

*Raleigh v. Performance Plumbing & Heating, Inc.*
130 P .3d 1011 (Colo. 2006)…………………………………………………………..12

*Rantz v. Kaufman*
109 P.3d 132, 136 (Colo. 2005)……………………………………………………11

*Smith v. United States*
561 F.3d 1090 (10th Cir. 2009)……………………………………………………2

*Trujillo v. Amity Plaza, LLC*
2025 LEXIS 518361 (D. Colo. Mar. 14, 2025)……………………………………...8, 9

*Trujillo v. Moore Bros., Inc.*
2024 LEXIS 117466 (D. Colo. Mar. 1, 2024)............................................................12

**Statutes**

15 U.S.C. § 6851……………………………………………………………………..2, 6

C.R.S. § 13-80-108(1) (2024)……………………………………………………………11

## I. INTRODUCTION

For years, United Airlines pilot Andrew Hill used his position with the airline to secretly record Lisa Denson, a United flight attendant, and distribute her intimate images online, while identifying her as a United employee, and impersonating her to solicit sex. Hill committed these acts from a position of authority and power that United gave him, as a pilot, over United's flight attendants, while traveling on company flights and staying in hotel rooms paid for by United.

United now says it is not responsible. It argues that Plaintiff's claims are untimely. It argues that the federal and Colorado disclosure statutes do not allow vicarious liability. It argues that because its corporate guidelines purportedly prohibited Hill's misconduct, Hill could not have acted within the scope of employment. And it argues that even after law enforcement notified it in April 2024 that Hill had been distributing intimate images of flight attendants, it had no duty to act, including terminating Hill's position with United and/or protecting its flight attendants from harm.

The Complaint says otherwise. Plaintiff alleges years of sexual exploitation tied to misuse of authority. She alleges constructive and actual notice that pilots used their positions to sexually exploit flight attendants. And she alleges that, even after being served with a search warrant for evidence of Hill's crimes against flight attendants, United did nothing—no suspension, no investigation, no report to Plaintiff or other employees—until Hill was arrested months later.

That is more than enough to defeat United's Motion. Plaintiff's claims must now proceed beyond the pleadings.

## II. STANDARD

On a Rule 12(b)(6) motion, the Court must "'accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff.'" *Casanova v. Ulibarri*, 595 F.3d 1120, 1124–25 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.* Iqbal, 556 U.S. 662, 678 (2009). A complaint's well-pleaded facts, taken as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. LAW AND ARGUMENT

United's Motion depends on two improper strategies: relying on materials outside the Complaint and asking the Court to draw inferences in its favor. Rule 12 allows neither.

Plaintiff's claims proceed for six reasons.

***First***, Plaintiff's Title VII hostile work environment claim is timely because the misconduct is part of the same unlawful employment practice that continued into at least April 2024, affecting the workplace and creating a hostile work environment within the filing period.

***Second***, United had both constructive and actual knowledge that its pilots used their authority to sexually exploit flight attendants—and failed to act even after receiving direct notice of that conduct in as early as 2011 and 2012. Egregiously, not only was United on notice that its pilots posed a danger to its flight attendants—*before* Hill victimized Lisa Denson—but United was *directly notified* as to Hill's conduct in April 2024 and yet, failed to take any action whatsoever

***Third***, 15 U.S.C. § 6851, applies to Hill's disclosures made after the statute took effect on October 1, 2022.

***Fourth***, neither the federal nor Colorado disclosure statutes eliminate common law vicarious liability.

***Fifth***, United is vicariously liable under scope-of-employment, aided-by-agency, and ratification theories.

***Sixth***, Plaintiff's negligence claims are based on foreseeable risk and inaction despite notice.

As a result, United's Motion should be denied.

**A. The Court Should Not Consider United's "Working Together Guidelines."**

United attaches its March 2024 "Working Together Guidelines" and asks the Court to consider them because Plaintiff references them once. That is not the law.

The Guidelines are referenced once in the Complaint: Plaintiff alleges after Hill's arrest, United invoked them to acknowledge that his conduct violated company rules. (*See* Compl. ¶ 76). United seeks to use the Guidelines to prove that it had adequate policies, that Plaintiff knew how but failed to report Hill's conduct, and that Hill acted outside the scope of his employment. (*See* Def.'s Mot. to Dismiss at 1, 3, 13).

Those are fact-based defenses—not facts found in the Complaint. Plaintiff alleges that she was never trained on harassment or the online distribution of intimate images. (Compl. ¶¶ 39–40; *see also id*. ¶ 11 ). And the Tenth Circuit prohibits using outside materials "to refute [Plaintiff's] factual assertions," or "adopt[] Defendants' version of the facts" on a motion to dismiss. *Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010).

The Court should disregard Exhibit A.

### B. Plaintiff's Title VII Hostile Work Environment Claim is Timely and Sufficiently Alleges that United Knew or Should Have Known of the Harassment.

*1. Plaintiff's hostile work environment claim is timely.*

United applies the limitations rule for discrete acts under Title VII. (*See* Mot. at 7). That rule does not govern Plaintiff's hostile work environment claim. A hostile environment is based on "the cumulative effect of individual acts" that together form "a single unlawful employment practice." *AMTRAK v. Morgan*, 536 U.S. 101, 115–17 (2002). If "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered[.]" *Id*. at 117.

Here, Plaintiff's allegations are sufficient to establish that acts contributing to the claim occurred within the filing period. For instance, while Hill's misconduct began in 2017, it continued through *at least* April 2024. (*See* Compl. ¶ 68). In fact, in July 2024, Plaintiff was confronted and questioned by coworkers at work about Hill's criminal conduct and online distribution of intimate images depicting her. (*See id.* ¶ 73). Plaintiff also changed her flight bids to avoid working with Hill from 2022 through 2024. (*See id.* ¶ 67). The intimate images and recordings depicting Lisa remain online (arguably into perpetuity) and she lives in constant fear that her coworkers and passengers will see them. (*Id*. ¶¶ 68-69, 73).

The foregoing establishes ongoing conduct with at least one act contributing to the hostile work environment occurring within 300 days of Lisa's February 8, 2024 Charge. Her claim is timely.

*2. United knew or should have known of the harassment.*

An employer is liable if it knew or should have known of the harassment and failed to act. *See Jackson v. Kan. City Kan. Pub. Sch. Unified Sch. Dist.*, 799 F. App'x 586, 591(10th Cir. 2020).

Constructive knowledge may be inferred where the harassment is severe or pervasive. *See id.* (citing A*dler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 673 (10th Cir. 1998)).

Plaintiff alleges:

- Years of exploitation, harassment, and distribution of her intimate images. (*See* Compl. ¶¶ 60–63, 68–69).
- Exploitation of approximately ten other women—some United employees. (*See id.* ¶ 68).
- Direct reports of sexual exploitation to United made by a United flight attendant against a United pilot in as early as 2011 and 2012. (*See* ¶ 10).
- Posts and images of her in her United uniform and identifying her as a flight attendant. (*See id.* ¶¶ 60, 70).
- Prior EEOC enforcement against United involving similar conduct. (*See id.* ¶¶ 9–11, 75).
- A consent decree requiring United to address online harassment revise its policies. (*See id.*)

That undeniably constitutes institutional notice. *See Jackson*, 799 F. App'x at 591.

United also received actual notice in April 2024 when a detective informed corporate security that Hill was under investigation for distributing intimate images of flight attendants, including Plaintiff. (*See* Compl. ¶ 71). United did not investigate, did not remove Hill from the workplace, and did not even bother to notify Plaintiff. (*See id.*).

Plaintiff states a hostile work environment claim, including that United had notice of the ongoing sexual harassment in the workplace.

**C. <u>15 U.S.C. § 6851Applies to Disclosures Made After October 1, 2022.</u>**

United argues that Plaintiff's § 6851 claim fails because some intimate images were created or first disclosed before the statute's October 1, 2022 effective date. (*See* Mot. at 8–9).

But § 6851 regulates "disclosure[s]"—not creation. *See* § 6851(b)(1). Under *Landgraf v. USI Film Products*, a statute operates retroactively only if it "attaches new legal consequences to events completed before its enactment." 511 U.S. 244, 269–70 (1994). A disclosure under § 6851 is complete when it occurs, and each disclosure is a separate act.

Applying § 6851 to disclosures made after October 1, 2022 does not reach backward. Rather, it governs acts after the statute was enacted. Hill continued to disclose Plaintiff's intimate images "from at least 2017 through April 2024." (Compl. ¶ 68). Disclosures after October 1, 2022 are covered by the statute, even if Hill created or first disclosed the images or recordings earlier.

Federal courts addressing § 6851 have recognized this distinction. *See Ballou v. Wells*, 2024 U.S. Dist. LEXIS 91526, at *5 (N.D. Okla. May 22, 2024); *Luchte v. Coyle*, 2025 U.S. Dist. LEXIS 324502, at *8 (D. Idaho May 29, 2025).

At this stage, the question is whether Plaintiff alleges disclosures after the statute was enacted. The answer: she does, so the § 6851 claim should proceed.

**D. <u>The Federal and Colorado Disclosure Statutes Permit Vicarious Liability.</u>**

Neither § 6851 nor C.R.S. § 13-21-1403(2) eliminate vicarious liability. They are silent. When a federal statute is silent as to vicarious liability, federal common law agency rules apply. *See Meyer v. Holley*, 537 U.S. 280 (2003); *See also J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1064 (D. Colo. 2021) (holding that, because the Trafficking Victims Protection

Reauthorization Act is silent as to vicarious liability, federal common law agency principles apply).

A federal court has already applied this rule to § 6851. In *Doe v. T-Mobile USA, Inc.*, the court held that, because § 6851 is silent as to employer liability, the statute allows for vicarious liability and denied a motion to dismiss a claim against T-Mobile based on T-Mobile's employee's disclosure of a customer's intimate images. *See* 2024 U.S. Dist. LEXIS 72096, at **8–9 (E.D. Wash. Apr. 18, 2024).

Colorado follows the same rule. "'A statute is not presumed to alter the common law except to the extent that such statute expressly provides.'" *People v. Johnson*, 2021 CO 79, ¶ 10 (Colo. 2021) (quoting *Beach v. Beach*, 74 P.3d 1, 4 (Colo. 2003)). Colorado's disclosure statute, C.R.S. § 13-21-1403(2), does not expressly change common law agency principles.

Thus, United's focus on the statutes' phrases, "that person" and "the person," (Mot. at pp. 9–12), does not change anything. Under both statutes, United is liable under traditional vicarious liability principles.

**E. <u>United is Vicariously Liable.</u>**

United argues that because its "Working Together Guidelines" prohibit Hill's misconduct, Hill could not have acted within the course and scope of his employment. (Mot. at 13–15[1]). That argument fails for two reasons.

[1] While United focuses on actual and apparent authority, those doctrines generally apply to contract and misrepresentation cases, not employee torts, which consider the course and scope of employment and other related agency theories.

***First***, the Guidelines cannot be used to refute Plaintiff's allegations. (*See supra*, § III(A)). ***Second***, United is not shielded from vicarious liability simply because it has a policy prohibiting the conduct at issue. Scope of employment does not turn on whether the employer authorized the conduct. It turns on whether the employment relationship enabled the conduct.

In *Doe v. T-Mobile USA, Inc.*, the court denied T-Mobile's motion to dismiss where the employee misused access he gained through his job to obtain and disclose a customer's intimate images. 2024 U.S. Dist. LEXIS 72096, at **12–13.[2] The same is true here. Hill acted within the course and scope of his employment when he misused his authority, access, and work conditions to obtain and disclose intimate images depicting Plaintiff. Following that to its logical conclusion, as in *Doe v T-Mobile USA, Inc.*, here, the Court must accept Plaintiff's allegations that Hill was acting within the course and scope of his employment as true and deny United's motion.

But scope of employment is not the only basis for liability. The Complaint also supports both aided-by-agency and ratification theories.

*1. Aided-By-Agency*

An employer is vicariously liable where the employee was "aided in accomplishing the tort by the existence of the agency relation." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 758 (1998); *see also Trujillo v. Amity Plaza, LLC*, 2025 LEXIS 518361, at *24 (D. Colo. Mar. 14, 2025) (recognizing that employer could be held vicariously liable under the Fair Housing Act for employee's sexual harassment). Moreover, in assessing these claims, courts consider whether the

[2] The *T-Mobile* court discusses "course and scope" in the context of the plaintiff's state law claims. Its holding regarding § 6851 was limited to its finding that common law vicarious liability rules applied to the statute. *See id*. at * 7–9, 13–14. Still, United devotes much of its argument to the case, so Plaintiff addresses it, too.

employment relationship provided the power, opportunity, or authority enabling the misconduct. *See Trujillo*, 2025 LEXIS 518361, at *24–26.

Here, Plaintiff alleges:

- Hill was First Officer in a chain of command and "exercised supervisory authority over flight attendants during flights due to the nature of his job and rank." Flight attendants report to First Officers, who, in turn, report to Captains. (*See* Compl. ¶¶ 51–52).
- Hill used hotel rooms paid for by United during scheduled overnight layovers to obtain intimate images and recordings of Plaintiff without her consent. (*See id*. ¶¶ 56, 60–61).
- United issued electronic devices to pilots, including Hill, and failed to provide training on online exploitation or misuse of images. (*See id*. ¶¶ 39–40).
- Hill repeatedly identified Plaintiff as a United flight attendant and posted images of her in uniform online, connecting Hill's exploitation to her employment. (*See id*. ¶¶ 60, 70).
- Hill's misconduct affected Plaintiff's working conditions, forcing her to change her flight bidding to avoid working with Hill and endure humiliation at work. (*See id.* ¶ 67).

There is thus a "nexus" between Hill's authority and the resulting harm. *See Trujillo*, 2025 LEXIS 518361, at *26. Hill misused his power as a United pilot over Plaintiff, and the agency relationship between Hill and United gave Hill the opportunity, access, authority, proximity, and means to engage in the misconduct. United is thus liable under an "aided-by-agency" theory.

*2. Ratification.*

Similarly, Plaintiff has alleged sufficient facts to establish that United ratified Hill's misconduct. Ratification requires knowledge and conduct indicating assent. *See Meyer, 537* U.S. at 285–86; *Frick v. Abell*, 602 P.2d 852, 856 (Colo. 1979). Plaintiff alleges both.

For years, United had notice that its pilots used their authority to sexually exploit flight attendants. This notice includes an EEOC enforcement action alleging that a United captain posted explicit images of a flight attendant, that the flight attendant reported this conduct directly to United in as early as 2011 and 2012, that United failed to intervene despite the flight attendant reporting the conduct, that United concluded that the conduct "did not constitute sex harassment in the workplace," and that the pilot remained on payroll and retired with benefits. (*See* Compl. ¶¶ 9–11, 75).

That EEOC action resulted in a consent decree requiring United to address internet harassment. (*See id.*). There were also industry warnings and press reports that United did not take complaints against pilots seriously. (*See id.* ¶ 11, 51–53).

Additionally, in April 2024, law enforcement notified United that Hill had distributed intimate images of flight attendants, including Plaintiff. (*See id.* ¶ 71). United did not so much as notify Plaintiff—it did nothing. It did not suspend or terminate Hill, investigate, or warn employees. Instead, United continued to employ Hill in a position of authority until his arrest months later. (*Id.* ¶¶ 71–72).

These facts show United's ratification of Hill's conduct.

**F. <u>Plaintiff's Negligence Claims Must Proceed.</u>**

Plaintiff's negligence claims are straightforward: United knew its pilots posed a risk of sexually exploiting flight attendants, did not take reasonable steps to prevent that harm, received direct notice that Hill sexually exploited flight attendants, and still failed to intervene.

United argues that the claims are untimely and fail to state a claim. The Complaint shows otherwise.

*1. Plaintiff's negligence claims are timely.*

United asserts that the two-year limitations period ended no later than 2022. (*See* Mot. at 15–16). Not so. Hill "continued to stalk and harass Plaintiff" "[b]etween 2022 and 2023." (Compl. ¶ 66). He "regularly distribut[ed] her intimate images of her online from at least 2017 through April 2024." (*Id.* ¶ 68). The conduct extended into 2024. (*Id.*). Plaintiff filed suit on October 28, 2025. So, Plaintiff's claims are timely on their face.

Colorado's discovery rule also establishes timeliness. Plaintiff's negligence claims accrued when she knew or should have known "both the injury and its cause." *See* C.R.S. § 13-80-108(1) (2024); *Rantz v. Kaufman*, 109 P.3d 132, 136 (Colo. 2005). It is reasonable to infer that Plaintiff did not know that United's negligence was a cause of her ongoing harm until it failed to act even after it was served with a search warrant concerning Hill's crimes against flight attendants. (*See* Compl. ¶ 71–72, 119–120).

Plaintiff's claims are timely, making dismissal improper.

*2. Plaintiff states a claim for negligent hiring.*

Under Colorado law, foreseeability is key to a claim for negligent hiring—particularly where the job duties require more than "incidental contact" with others. *See Connes v. Molalla*

*Transp. Sys., Inc.*, 831 P. 2d. 1316, 1321–22 (Colo. 1992); *Raleigh v. Performance Plumbing & Heating, Inc.*, 130 P .3d 1011, 1016–17 (Colo. 2006).

United pilots hold positions of authority over flight attendants within the established chain of command at United. (*See* Compl. ¶¶ 49–53). They also work closely with flight attendants during travel and overnight layovers, including by utilizing hotel rooms paid for by United. (*See id*. ¶ 56). United issues electronic devices to pilots. (*See id*. ¶ 40).

United knew for years—well before April 2024—that its pilots used their authority to sexually exploit flight attendants, including by distributing intimate images online, resulting in EEOC litigation and a consent decree mandating United to address internet harassment. (*See id*. ¶¶ 9–11, 75).

Placing a pilot in a position of authority with continued access to flight attendants, without reasonable protections to prevent the known risks of online sexual exploitation, created a foreseeable risk of harm.

Plaintiff thus states a claim for negligent hiring.

*3. Plaintiff states claims for negligent supervision and retention.*

An employer is liable for negligent supervision or retention when it knew or should have known that an employee's conduct would pose an unreasonable risk of harm, failed to take reasonable steps to prevent that harm, and that the failure proximately caused injury. *See Trujillo v. Moore Bros., Inc.*, 2024 LEXIS 117466, at *16–18 (D. Colo. Mar. 1, 2024).

Plaintiff satisfies each element. United was aware for years that pilots used their positions to sexually exploit flight attendants, including by disclosing their intimate images on the internet.

(*See* Compl. ¶¶ 9, 75–76). Yet it gave pilots work devices and did not provide training on online harassment or the misuse of intimate images. (*See id*. ¶¶ 39–40, 51–56).

In April 2024, law enforcement informed United that Hill had distributed intimate images of flight attendants, including Plaintiff, and served a warrant for evidence of those crimes. (*See id.* ¶ 71). United did not terminate or suspend him, investigate, warn employees, or even contact Plaintiff. It simply continued to employ him in a position of authority until his July arrest. (*See id*. ¶¶ 71–72).

And despite United's argument otherwise, (*see* Mot. at 18), Plaintiff suffers from ongoing psychological harm. The intimate images and recordings depicting Plaintiff remain online and will continue to circulate into perpetuity. This is especially true given that there is no possible way of knowing the true number of intimate images and videos depicting Plaintiff which were distributed by Hill. As a result, she continues to suffer severe emotional distress and humiliation at work. (*See* Compl.,¶¶ 69, 73, 77, 79). A jury could reasonably infer that United's failure to act despite constructive and actual notice prolonged and exacerbated Plaintiff's harm.

Accordingly, Plaintiff has stated claims for negligent supervision and retention.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety.

Dated: February 25, 2025

**ALM | LAW, LLC**

*/s/ Allison Mahoney*
Colorado Bar No. 57677

411 East Main Street, Suite 205
Aspen, CO 81611
Telephone: (970) 315-5152
E-mail: allison@almlawllc.com
Attorney for Plaintiff Lisa Denson

**MARSH LAW FIRM PLLC**
*/s/ Helene Weiss*
31 Hudson Yards, 11th Floor
New York, NY 10001
Telephone: (212) 372-3030
E-mail: heleneweiss@marsh.law
Attorney for Plaintiff Lisa Denson

*/s/ Cori Iacopelli*
31 Hudson Yards, 11th Floor
New York, NY 10001
Telephone: (212) 372-3030
E-mail: coriiacopelli@marsh.law

**CERTIFICATE REGARDING THE USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

I, Allison Mahoney, hereby certify that generative artificial intelligence was not used to draft this filing.

*/s/ Allison Mahoney*
Allison Mahoney

**CERTIFICATE OF SERVICE**

I, Allison Mahoney, do hereby certify that I have caused a true and correct copy of the foregoing to be served upon the following counsel of record, via the Court's ECF system, on February 25, 2026:

Ada W. Dolph
adolph@seyfarth.com
Taylor Iaculla
tiaculla@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Attorneys for Defendant*

*/s/ Allison Mahoney*
Allison Mahoney